HARDY, Judge.
This is- a compensation case in which plaintiff was awarded judgment at the rate of $32.50 per week for the period from November 7, 1957 to August 13, 1958, from which judgment he prosecutes this appeal, praying an award of $35 per week for a period not exceeding 400 weeks. Defendant has answered the appeal, praying that plaintiff’s demands be rejected, or, in the alternative, that the period of the award be reduced, and, in the further alternative, that the judgment be affirmed.
The principal issue presented by this appeal concerns the question of plaintiff’s employment. In his original petition plaintiff alleged that he was employed by the defendant, L. L. Brewton Pulpwood Company, Inc., as a laborer and truck driver; by a supplemental petition plaintiff alternatively alleged that if the named defendant was not his sole employer then he was employed jointly by said defendant and by the partnership of Dobson & Martin, which was impleaded together with the individual members thereof. In such supplemental pleading, and in the further alternative, plaintiff alleged, upon informa *297 tion and belief, that if it should he determined that he was neither an employee of the Brewton Company nor a joint employee of the Brewton Company and the Martin partnership, then he was employed solely by the Dobson & Martin Company.
It is quite obvious from plaintiff’s pleadings that he was not only uncertain but entirely ignorant of his exact employment relationship, and, unfortunately, this uncertainty and ignorance was not clarified by the evidence on trial of the case.
Early in the trial proceedings it was conclusively established that there was no employer-employee relationship between plaintiff and the partnership of the Martin Company, whereupon counsel moved that plaintiff’s suit be dismissed and his demands rejected as against the Dobson & Martin Company. The motion was allowed and formal judgment of dismissal was rendered and signed. From this judgment there has been no appeal and it follows that the only question as to employment is restricted to the alleged employer-employee relationship between the Brewton Company and the plaintiff, Bobby Vinzant.
Certain material facts were established without controversion. For a period of some four or five years prior to the occurrence of the accident which is the basis of this suit, plaintiff had been employed “off and on” by the defendant, Brewton Company; a short time prior to the accident plaintiff, in the course of his employment by defendant, Brewton, had been cutting timber owned by defendant in the Black Lake area, but, due to weather conditions, plaintiff and his crew had been forced to discontinue their operations on this tract; the Brewton Company had no interest in the tract of timber upon which plaintiff was working at the time of his accident and injury, which timber had been purchased by Dobson & Martin from the United States Government; Mr. J.' K. Martin, one of the partners of Dobson & Martin, testified that his company had no use for the hardwood timber on the tract which it had purchased, and, accordingly, he gaVe notice to all loggers and haulers who might be interested that they were at liberty to cut the gum timber on the tract in question in consideration of the payment of $2 per cord, which stumpage payment he directed be left at “Mr. Brew-ton’s office”; Martin testified that his offer with relation to the cutting of gum timber was made to a group of contractors who were assembled in Mr. Brewton’s office at Goldonna and he did not know whether the plaintiff was present at the time or not; Brewton testified that he had no interest, by purchase or otherwise, in any of the timber on the government tract; that he bought pulpwood from anyone who hauled it to his yard, and that his purchase of wood hauled by the plaintiff from the Dobson & Martin Company tract was without any relationship of employment so far as he knew.
In support of his contention of employment by Brewton Company, the plaintiff testified that he had been directed to cut and haul the gum timber from the Martin Tract by defendant’s woods supervisor, Raymond Bedgood. This version of plaintiff’s employment was corroborated by the testimony of his brother, Rufus, and his nephew, Robert Roy Brown. However, the testimony of these three witnesses contained so many discrepancies as to the time, place and circumstances of their purported employment that we seriously question the credibility thereof. Bedgood positively and convincingly denied the employment of plaintiff, as did the witness, Bryant, who was defendant’s yard manager.
Our examination of this record convinces us that plaintiff has completely failed to establish, with any certainty or by any degree of preponderance of evidence, his relationship as an employee of the defendant, Brewton Company. To the contrary, we think the record supports the conclusion that plaintiff, with his brother and nephew who were the only members of his crew at the time of the accident and *298 the injury for which he seeks compensation, was working on his own without any agreement of employment with any one else, voluntarily and without any nature of supervision or direction whatsoever. In view of this conclusion, it follows that plaintiff has no basis for his claims against the defendant.
For the reasons assigned the judgment appealed from is annulled, set aside and reversed, and
It Is Now Ordered, Adjudged and Decreed that there be judgment in favor of defendant, L. L. Brewton Pulpwood Company, Inc., rejecting plaintiff’s demands at the cost of plaintiff-appellant.